## Case No. 14,840.

### UNITED STATES v. COLUMBIAN INS. CO.

[2 Cranch. C. C. 266.] [1]

Circuit Court, District of Columbia. Nov. Term, 1821.

CORPORATIONS—ELECTION OF OFFICERS—SUPERSEDEAS—MANDAMUS.

1. The Columbian Insurance Company of Alexandria cannot. by a trustee. vote in an election of directors of the company. upon stock of the same company. purchased by the company, and held for their use in the name of the trustee.

2. A writ of error to the judgment of the circuit court of the District of Columbia. awarding a peremptory mandamus, is a supersedeas, and if the peremptory mandamus be issued after the filing of the writ of error. and within ten days after the rendition of the judgment. it will be quashed

On the 12th of December, 1821. John Wheelwright and five others. filed their petition, supported by the affidavit of Wheelwright, praying for a rule on the judges of the election of directors of the Columbian Insurance Company of Alexandria. to show cause why a mandamus should not issue commanding the said judges of election to return the petitioners as duly elected directors of the said company, and also for a rule upon the said company to admit the petitioners as directors. The petitioners state that they are. and have been for twelve months and upwards stockholders of that company. That on the 31st of July, 1821, the then board of directors passed an order that 1233 shares of the stock of that company, the property of one Edward Lloyd, should be purchased; and that the sum of $8,500 should be borrowed. upon stock owned by the said company in the Bank of the United States, to assist in the payment for the same; all which was done and the shares were transferred by Lloyd to Joseph Mandeville in trust for the Columbian Insurance Company. That the annual election of directors took place on the 5th of November. 1821. That there were two lists of directors voted for. one of which included the petitioners. and that the directors named on that list were duly elected. if the said Joseph Mandeville had no right to vote upon the 1233 shares there standing in his name. as the trustee of the company. That his right so to vote was denied by the petitioners at the election. and a written notice of the objection was delivered to the judges of the election in due time. and before the election was closed; but they received the vote which gave the preponderance to the opposing ticket. A rule was granted, according to the prayer of the petitioners. to show cause. &c.. on Saturday. the 15th of December. 1821: which rule. upon hearing, was made absolute. and writs of mandamus nisi. were issued returnable on the 22d of

1 [Reported by Hon. William Cranch, Chief Judge.]

December. The Columbian. Insurance Company returned the writ on that day, and for return said, "That the said John Wheelwright ought not to be admitted as a director of the said company, because they say that at the election of directors in the said writ mentioned, the said John Wheelwright was not duly elected a director of the said company; and that at the said election, the said Joseph Mandeville, whom they are required to remove, was duly elected a director of the said company." This return being traversed by the United States, and issue thereupon joined, the jury found a special verdict, in which they set forth the act of congress of February 16, 1818 (6 Stat. 198), incorporating the Columbian Insurance Company of Alexandria, and the original articles of association, under which the company transacted its business before its incorporation. They also found that at a meeting of the board of directors of the said company on the 31st of July, 1821, they made an order that 1233 shares of the stock of the company, the property of one Edward Lloyd, should be purchased for the use of the company, at 80 per cent.; and that the president of the company should be authorized to obtain a discount at the office of discount and deposit at Washington, for the use of the company, of $8,500, upon the pledge of eighty-five shares of the stock of the Bank of the United States, the property of the company. That the said shares were purchased according to the order of the board, and were on the 1st of August, 1821, transferred by the said Lloyd to Joseph Mandeville, "as trustee of the Columbian Insurance Company of Alexandria." That an election of directors was holden on the 1st Monday in November, 1821, by the commissioners duly appointed by the board of directors on the 1st day of November in the same year. That Mandeville voted upon the 1233 shares of stock so held by him in trust, with the knowledge and consent of the commissioners of election who were apprised of the circumstances, and were of opinion that he had a right so to vote, and received his vote accordingly. That Wheelwright was not present when the vote was given in, but afterwards came in, while the election was going on, and before the votes were taken out of the ballot-box to be counted, and delivered to the commissioners the following written notice: "I object to the vote of Joseph Mandeville, as trustee for the Columbian Insurance Company on 1233 shares of stock bought by the company of Joseph Mandeville, as trustee for the Columbian Insurance Company. John Wheelwright." That the said shares were contracted to be sold by the said Lloyd to the said Mandeville, on the 8th of June, 1821, with a view that the company should afterwards become the purchaser thereof. That the said, Mandeville gave his note, indorsed by Newton Keene and James Sanderson, to the said Lloyd, for $9,864, pay-

able in 60 days from the 8th of June, for the said stock. That the said shares had been duly and regularly subscribed and paid by one or more original subscribers to the said company, and had been duly and regularly assigned to the said Lloyd, before the purchase and transfer from him to the said Mandeville, and as such, were entitled in the hands of the said Lloyd, at the time of such purchase and transfer, to all the advantages, profits, and privileges of shares regularly forming component parts of the capital stock of the said company. That on the 5th of November, 1821, before the election was opened, at a meeting of the board of directors, duly convened, it was by the board resolved that the said Joseph Mandeville as such trustee, should be instructed, and he was by such resolution instructed, to vote upon the said stock as such trustee, at the said election, for certain persons in the said resolution named as such directors; and that he voted accordingly. That the said John Wheelwright, although then a director, was not present when the ballot was taken to instruct the said Mandeville to vote as aforesaid.

The jury conclude by finding that if the said Mandeville had not a right in law to vote upon the 1233 shares, then the said John Wheelwright, and the others on the same ticket were duly elected directors of the said company; but if he had a right to vote on those shares, the said Joseph Mandeville, and the others on the same ticket, were duly elected. This special verdict was rendered on the 1st of January, 1822, and on the 3d, the court rendered judgment upon the verdict in favor of the petitioners, that a peremptory mandamus should be issued.

Upon this judgment the petitioners, respectively, sued out their several writs of peremptory mandamus, on the 10th of January, 1822, before the expiration of the ten days allowed by the 23d section of the judiciary act of 1789 (1 Stat. 73) for filing a writ of error, which writs of mandamus were in the following form:—

"(L. S.) District of Columbia, to wit. The United States of America. To the Columbian Insurance Company of Alexandria, greeting: Whereas at a late election of directors of the Columbian Insurance Company of Alexandria, on the 5th day of November last, pursuant to the act of congress, in such case provided, John Wheelwright was duly elected by the stockholders, or proprietors of the said corporation, and by a plurality of votes actually given, a director of the Columbian Insurance Company of Alexandria; you, nevertheless, the said Columbian Insurance Company of Alexandria, lightly regarding the premises, have wrongfully, injuriously, and unlawfully, and without reasonable cause, refused to admit the said John Wheelwright, as a director of the said Columbian Insurance Company of Alexandria, to the no small damage and grievance of the said John Wheelwright, as by his complaint we have

understood. We, therefore, being willing that due and speedy justice be done in this behalf, as is reasonable, command you that immediately after the receipt of this, you admit the said John Wheelwright as duly elected a director of the said Columbian Insurance Company of Alexandria, at the time and place of election aforesaid; and that you remove Joseph Mandeville, who is alleged to have been unduly and wrongfully admitted as aforesaid; with all liberties, privileges, and pre-eminences to that office belonging or appertaining; and that you make return of this writ to our United States circuit court of the District of Columbia, for the county of Alexandria, immediately on the receipt thereof. Witness the Honorable William Cranch, Chief Judge of our said Court, this 10th of January, 1822. Edmund J. Lee, C. C."

These writs were, on the 11th of January, served on the company, who refused to obey them; and on the 15th of January, the petitioners obtained a rule upon the persons returned as directors of the company, to show cause why an attachment should not issue against them for not obeying the peremptory mandamus. This company, at the same time obtained a rule upon the petitioners, to show cause why the writs of peremptory mandamus which had been issued, should not be quashed. Before the expiration of the ten days after the judgment of the court upon the special verdict, the company took out, and served upon the adverse party, a writ of error, with the requisite security to operate as a supersedeas, if a writ of error will lie in the case; notwithstanding which.

Mr. Fendall, for the relators, now moved the court, the ten days not having yet expired, to order the clerk to issue a writ of peremptory mandamus, upon the judgment which the court had rendered upon the verdict. He contended that no writ of error would lie in a case of mandamus, and if it would, it would not be a supersedeas, and therefore the relators need not wait the expiration of the ten days, before they took out their peremptory writs of mandamus. And he cited 4 Bac. Abr. 522, 543; St. 9 Anne, c. 20, § 2; Case of Dean and Chapter of Trinity Chapel, Dublin, 8 Mod. 27, 1 P. Wms. 348; 2 Brown, Parl. Cas. 554; 3 Brown, Parl. Cas. 178; and the Virginia act of assembly of Jan. 22, 1799, p. 392, c. 253, which gives a right to traverse the return of a mandamus in all cases, and the right to recover damages and costs in the same manner as in an action upon the case, and if judgment shall be given for the complainant either on verdict, or demurrer, or nil dicit, or for want of replication or other pleading, he shall recover his damages and costs, and shall have execution therefor, and a peremptory writ of mandamus shall be granted without delay, as if such return had been adjudged insufficient. This act seems to be but a new edition of the English statute of 9 Anne, c. 20, § 2, as it had been construed and practised upon in the English courts. It says nothing of a writ of error.

Mr. Swann, on the same side, contended, that if a writ of error will lie in a case where there was a traverse, yet it would be only to the judgment on the verdict, and would be no supersedeas to the peremptory writ of mandamus. Case of Dean and Chapter of Dublin v. Dowgatt, 1 P. Wms. 348. The act of Virginia says that the peremptory mandamus shall issue without delay.

Mr. Taylor and Mr. Jones, contra.

The cases cited are only applicable to cases of mandamus, at common law, where the return was conclusive, and could not be reversed; and where the only remedy for a false return was by a special action upon the case. But, in the Dublin Case it is expressly stated by the court that if the return had been traversed, a writ of error would lie. In the present case, a writ of error has been actually issued. The act of congress gives a writ of error upon every final judgment, where the matter in dispute is of a certain value. An award of a peremptory writ of mandamus is a final judgment; nothing remains to be done but to execute the judgment. A peremptory mandamus cannot be issued after a writ of error filed. There cannot be a writ of error to part of a judgment. It issues for the whole or for nothing.

THE COURT said that the judgment of the court was for a peremptory mandamus. We have no jurisdiction to decide whether the defendants have a right to a writ of error. That question can be decided by the supreme court only. A writ of error has been issued; if we give any opinion upon the defendant's right to issue it, it will be extrajudicial. No opinion was given.

The petitioners then, respectively, sued out their several peremptory writs of mandamus, on the 10th of January, 1822, the ten days not having yet expired; and on the 11th, served them on the company, who refused to obey the writs; and on the 15th, the petitioners obtained a rule upon the persons returned as elected directors of the company, to show cause immediately why an attachment should not issue against them for disobeying the writ; and the company, at the same time, obtained a rule upon the petitioners to show cause immediately why the writs of peremptory mandamus should not be quashed.

Mr. Jones, for the defendants, in showing cause, contended, that the writ of error is a supersedeas to the judgment of this court. The right to the writ of error is as perfect as the right to have the judgment of the court below. There is a difference between England and this country as to prerogative. In England the writ of mandamus is a prerogative writ. He admits, that in England, no writ of error will lie to a peremptory writ of mandamus, at common law. But, in this country, it is a judicial writ, given expressly by the statute of Virginia. It is a civil, not a criminal process. The Dublin Case, 8 Mod.

27; 2 Brown, Parl. Cas. 554; 3 Brown, Parl. Cas. 178; 1 Strange, 536. The judicial authority in this country is not derived from the executive authority, as in England, but is carefully separated from it. By the 8th section of the act of congress of Feb. 27, 1801 (2 Stat. 103), "any final judgment, order, or decree," in this court, "where the matter in dispute, exclusive of costs, shall exceed the value of one hundred dollars, may be re-examined, and reversed or affirmed in the supreme court of the United States, by writ of error or appeal." An order for a peremptory mandamus is as much a final order as an order for execution upon a scire facias to revive a judgment. So, upon habeas corpus, an order, remanding the prisoner, is a final order, upon which the supreme court may exercise its appellate jurisdiction, as in the cases Ex parte Burford, 3 Cranch [7 U. S.] 447, and Ex parte Bollman, 4 Cranch [8 U. S.] 75; and in the case of Marbury v. Madison, 1 Cranch [5 U. S. 137] the supreme court said they had only appellate jurisdiction in cases of mandamus. In England, in a case circumstanced as this is, a writ of error will lie. It is not merely a judgment between the king and a subject. A case under the statute of Anne is a civil cause for the trial of private rights. At common law, the return was conclusive; and the only remedy for a false return was a special action upon the case. In that action damages and costs were recovered; and upon that judgment for damages and costs, a writ of error would lie both to the judgment for damages, and to the award of a peremptory mandamus.

In answer to the objection that the tenure of office, being only for a year, would expire before a judgment could be had upon the writ of error, it was observed that the supreme court would sit the next month, and would, no doubt, take up the cause out of its turn, upon being informed of the circumstances. The statute of Anne and the statute of Virginia have changed the whole ground of the action by mandamus. It is now a civil action to try a private right. It would be absurd to say that the judgment for damages and costs should be reversed, and yet the order for a peremptory mandamus should be executed. A writ of error in an action upon the case for a false return, is a supersedeas to a peremptory mandamus. Ruding v. Newell, 2 Strange, 983. In the Dublin Case there was no traverse. The peremptory mandamus was issued upon the return being adjudged insufficient by the court; and in that case it is admitted, that where an issue has been tried, a writ of error will lie.

Mr. Swann, contra.

The object is to evade the decision of this court until the year shall expire. A writ of error is a statutory right. If not given, in this case, by statute, it does not lie. In cases respecting mills, roads, probate of wills, &c., the appeal is given by statute only. The Virginia statute respecting mandamus does not give an appeal or writ of error. The preamble of that statute (Jan. 22, 1799, p. 392,) complains of the delay which attended the old proceedings on writs of mandamus; and if a writ of error will lie, the object of the statute will be defeated. To prevent this delay, the statute expressly directs, that if a verdict shall be found for the person suing out the writ, "a peremptory writ of mandamus shall be granted without delay," "as it might have been if the return had been adjudged insufficient." The case of Ruding v. Newel is reported very shortly by Strange, who only says it was held to be a supersedeas, but does not say by whom. But, in the Dublin Case, as reported in 1 P. Wms. 351, Parker, C. J., said "that a mandamus, since the late statute (9 Anne, c. 20), was in the nature of an action, special replications and pleadings therein being admitted, and costs given to either side that prevailed; and that a case had happened in the king's bench, where judgment was given upon special pleadings, upon the late statute, for the mandamus, and the defendant brought error, and it was admitted error lay; yet this was held to be no supersedeas to the peremptory mandamus; for that such a construction would quite defeat the end of the statute, and prevent the officer, who was chosen annually, from having any fruit of the mandamus." "And King, C. J., took notice that the words of the statute were that in case judgment were given for the mandamus, a peremptory mandamus should be granted without delay." In the present case, no damages are given. The only judgment of this court is for costs, and that a peremptory mandamus should issue.

Mr. Jones, in reply.

It is contended that the judgment is divided, and that a writ of error to one part is not a supersedeas to the other. But if that could be the case, the writ of error itself and the judgment of the supreme court thereon, in case of reversal, would be wholly defeated. This court would take from that court the power of doing justice. The statute of Virginia only means that such a writ shall issue after verdict in favor of the mandamus, as the court would have issued if it had adjudged the return insufficient, without the intervention of a jury. The Dublin Case was not a case under the statute of Anne. It was a mandamus at common law; and the court in Ireland had adjudged the return insufficient, in law, and had issued a peremptory mandamus. What is said by Parker, C. J., is only obiter dictum.

The act of congress of Feb. 27, 1801 (2 Stat. 103), gives the supreme court of the United States appellate jurisdiction of every final order of this court, where the matter in controversy is of a certain value; and if that value does not appear upon the record, that court will ascertain it by affidavits. That jurisdiction is given by an authority paramount to the state laws, and in the cases of Wilson v. Mason, 1 Cranch [5 U. S.] 91, and Young v.

Bank of Alexandria, 4 Cranch [8 U. S.] 395, the supreme court of the United States decided, that, even if the state law declared that no appeal or writ of error should lie from the judgment of the inferior tribunal, it would not deprive the supreme court of the jurisdiction given to it by the constitution and laws of the United States. A writ of error removes the whole record, and is a supersedeas if taken in proper time, which, in England, is four days; and, by the act of congress, ten days.

THE COURT (THRUSTON, Circuit Judge, contra), was of opinion that the writ of error is a supersedeas to the writ of peremptory mandamus, and refused to award an attachment, and quash the peremptory writs of mandamus which had been issued before the expiration of the ten days.

See 7 Wheat. [20 U. S.] 534. The supreme court determined that a writ of error would lie to reverse the judgment of this court awarding a peremptory mandamus, and directed Mr. Jones to produce affidavits as to the value of the matter in controversy. But it not appearing that it amounted to $1000, the sum required to give appellate jurisdiction o the supreme court from the final judgments or decrees of this court, the supreme court decided that a writ of error could not regularly issue in this case, and ordered the writ of error to be quashed.

At May term, 1822, of the circuit court, a mandate from the supreme court was produced, showing that the writ of error was dismissed; whereupon the circuit court granted a peremptory mandamus to admit the petitioners. Wheelwright and others, to their seats as directors, &c.